J. RONALD SIM, WSBA #4888
*Pro Hav Vice Application Pending*
Email: jrsim@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500



JEREMY D. SACKS, OSB #994262
Email: jrsim@stoel.com
STOEL RIVES LLP
900 SW Fifth Ave., Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendant Child Foundation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   vs.<br><br>Mehrdad Yasrebi and Child Foundation,<br><br>      Defendants. | CR No. 05-CR-00413-KI - O2<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA. |

The defendant represents to the court:

1.     My name is J. Ronald Sim and I am the attorney for the Child Foundation.  I have

represented the Foundation for two and one-half years.  I have been duly authorized by a board

resolution to enter a plea and to waive indictment.

2.     I have discussed the case in full with my client.  The client has received the Information

and I have discussed it at great length with the four member board of directors ("Board").  I have

discussed with the Board the nature of the charged offenses, any possible defenses to the charged

offense, and the voluminous discovery materials provided by the government. The Information

to which Child Foundation has authorized a plea of GUILTY is result of several months of

negotiation with the United States Attorney's Office in which the Board of Directors have been

active participants. The Board has had a full and adequate opportunity to disclose to its attorneys

all of the facts that it knows about the case.

3.      The elements of the offense of Conspiracy to Defraud the United States in violation of

Title 18 U.S.C. § 371 are that the defendant, through an agent or employee:

1.   entered into an agreement;

2.   to obstruct the lawful function of the Office of Foreign Asset Control and Internal
     Revenue Service of the Treasury Department;

3.   by deceitful and dishonest means; and

4.   that the organization or a co-conspirator committed at least one overt act in furtherance of
     the conspiracy.

4.      Child Foundation has been advised that the corporation has no Fifth Amendment

privilege against incrimination. Child Foundation understands that it may be obliged to produce

information during the sentencing process and that production of false information, or refusal to

produce information within its control, could subject it to further prosecution.

5.      Child Foundation is aware that there can be collateral consequences to a conviction

which could include the loss of opportunity to engage in activities that are licensed by the state

or federal government.

6.      Child Foundation understands that it may plead "NOT GUILTY". The corporation

understands that if it entered a plea of NOT GUILTY the Constitution guarantees it:

> a. The right to a speedy and public trial by jury, during which it will be presumed to be innocent unless and until proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;
>
> b. The right to have the assistance of an attorney at all stages of the proceedings;
>
> c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in its favor; and
>
> d. The right to see, hear, confront, and cross-examine all witnesses called to testify against it.

7.   Child Foundation understands that by pleading "GUILTY" there will be no trial before either a judge or a jury, and that it will be found guilty by the court.

8.   Child Foundation is pleading "GUILTY" under Rule 11(c)(1)(B) and understands that the United States will recommend that the court impose a fine of $125,000 together with a term of probation including conditions described in paragraph 8 of its plea agreement dated December 14, 2010.

9.   Child Foundation understands that it is free to urge the court to impose a smaller fine.

10.  Child Foundation also understands that the court is not bound to follow the government's recommendation and that it may not appeal if the court imposes a more severe sentence than is recommended by the government.

11.  Child Foundation has been advised that the maximum sentence that can be imposed for the offense charged and the information is a criminal fine of $500,000. It can also be placed on probation for a term up to a maximum of five years. Child Foundation also understands that it must pay the mandatory penalty of $400.

12.     Child Foundation has been advised regarding the Federal Sentencing Guidelines and understands that ordinarily the sentencing judge will select a sentence from within the guideline range. In this case, the Guideline fine range might exceed the maximum fine authorized by law. Additionally, the United States Attorney's office has agreed to recommend a fine that will be below the Guidelines range. Child Foundation has been advised that the law permits the judge to depart from the Guidelines and impose a sentence that is below or above the Guideline range if circumstances warrant it.

13.     Child Foundation's plea of guilty is based on a Plea Agreement made with the United States Attorney's office as reflected in its attached letter of December 14, 2010. Each board member read, discussed, and understood the Plea Agreement before it was executed on December 20, 2010.

14.     The Plea Agreement contract is the only agreement between the United States government and Child Foundation. No officer or agent of any branch of government (federal, state,

or local) or anyone else has promised or suggested that Child Foundation will receive a lesser sentence or other form of leniency if it pleads "GUILTY" except as stated in the Plea Agreement. Child Foundation understands that it cannot rely on any promise or suggestion made by a government agent or officer which is not in writing as part of the Plea Agreement, or which is presented to the court at the time of a plea of guilty.

15.     Child Foundation's plea of "GUILTY" is not the result of force, threat, or intimidation.

16.     Child Foundation hereby requests that the court accept its plea of "GUILTY" to the information.

17.     Child Foundation understands that the court must be satisfied that a crime has

occurred and that it committed the crime before my plea of "GUILTY" can be accepted. With regard to the offense charged in the Information, Child Foundation is a corporation organized under the laws of Oregon engaged in providing support for needy children in other countries, including Iran. Mehrdad Yasrebi was president of Child Foundation in 2006 and 2007. The criminal acts to which Mehrdad Yasrebi has admitted in his Plea Petition were done on behalf of Child Foundation, with the intent to benefit the Child Foundation and for which Child Foundation is vicariously liable. These acts include:

1. From the middle of 2006 through early 2007 Child Foundation funds were being used to facilitate cash transfers to Iran in violation of the embargo. Dr. Yasrebi had the power to stop these transfers, and he failed to do so;

2. Dr. Yasrebi did not disclose those transfers to the IRS, OFAC, or Child Foundation's auditors, and he encouraged others to refrain from volunteering information suggesting that cash transfers had ever been made.

18.    Child Foundation offers its plea of GUILTY freely and voluntarily and with a full understanding of the allegations set forth in the Information, and a full understanding of the statements set forth in this Petition and Certificate of its attorney that is attached.

SIGNED on behalf of Child Foundation as duly authorized by a resolution of the corporation on this 10th day of January, 2011.

J. Ronald Sim
Attorney for Defendant Child Foundation

## CERTIFICATE OF COUNSEL

Stoel Rives LLP represents defendant Child Foundation in this matter.

1.     We have fully explained to the board of directors the allegations in the Information which the board has read and discussed in detail together with any possible defenses that may apply to this case.

2.     We have prepared and examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, provided a copy to each member of the board of Child Foundation and have discussed fully with the board representative all matters described and referred to in the Petition.

3.     We have explained to Child Foundation the maximum penalty and other consequences of entering a plea of guilty, and have also discussed the applicable Federal Sentencing Guidelines.

4.     We recommend that the Court accept the plea of "GUILTY" from defendant Child Foundation.


SIGNED by me after full discussion with Child Foundation of the contents of the Petition To Enter Plea of Guilty, and Plea Agreement, on this 10th day of January, 2011.


J. Ronald Sim
Attorney for Defendant

## ORDER ENTERING PLEA

I find the defendant's plea of GUILTY was made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant Child Foundation's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this _10_ of January, 2011, in open court.

Garr M. King
Judge, U.S. District Court

## Child Foundation
*Changing the face of the future … one child at a time*

Date: 1/6/2011

Subject: Special Resolution of Child Foundation

Re: United States vs. Child Foundation Plea Agreement

This statement declares that Child Foundation Board of Directors has agreed and adopted a resolution authorizing Mr. Ron Sim, Child Foundation's criminal defense attorney to enter a plea on behalf of the Child Foundation corporate entity.   All four members of the board have reviewed the Information and have discussed it in detail with our counsel.

Mr. Ron Sim is also authorized to waive Indictment and agree to the government proceeding by Information.

Navid Seyedali
Board of Directors
Secretary of the Board and Chair of the Legal Committee
Email: nseyedali@ChildFoundation.org
www.childfoundation.org