

**FILED**

U.S. Department of Justice
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*    (503) 727-1000
*Portland, OR  97204-2902*    *Fax: (503) 727-1117*

December 14, 2010

Jeremy D. Sacks
J. Ronald Sim
Stoel Rives L.L.P.
900 SW Fifth Ave., Suite 2600
Portland, OR  97204

    Re:    *United States v. Child Foundation*, an Oregon corporation    CR 05-413-02-KI
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive indictment and plead guilty to an Information, to be filed, charging defendant with Conspiracy to Defraud the United States in violation of Title 18, United States Code, Section 371. The parties agree that the elements of the offense as alleged are that defendant, through an agent or employee, (1) entered into an agreement (2) to obstruct a lawful function of the Office of Foreign Assets Control and Internal Revenue Service of the Treasury Department (3) by deceitful or dishonest means and (4) that the organization or a co-conspirator committed at least one overt act in furtherance of the conspiracy. At the time of the entry of the plea of guilty, the defendant Child Foundation shall file with the court a copy of an appropriate corporate resolution adopted by the Board of Directors authorizing the entry of the guilty plea described above and compliance with all of the other terms of this plea agreement.

3.    **Penalties**: The maximum sentence is a criminal fine of $500,000. In addition, the defendant corporation could be subject to a term of probation of up to five years, and will be subject to a mandatory penalty assessment of $400. Defendant agrees to pay the $400 fee assessment by the time of entry of guilty plea.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Jeremy D. Sacks and J. Ronald Sim
Re: Child Foundation Plea Letter
Page 2

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. §§ 3553 and 3572. Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Cooperation.** Defendant Child Foundation, to the fullest extent possible, will cooperate with the Department of Justice and United States Attorney's Office and FBI, and with the Department of Treasury through the Internal Revenue Service in any further investigation of the matters related to this investigation, including but not limited to providing an opportunity for the government to interview its current employees in any future criminal or civil proceedings, if requested. The defendant corporation further agrees to produce voluntarily any relevant records, documents, or evidence requested of it by the government in connection with such cases.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that it has fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct under USSG § 8C2.5(g)(2) for its unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits a new criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 8C2.5.

8. **Sentencing recommendations**: The USAO will recommend that the Court impose a fine of $125,000 and a term of probation between 3 and 5 years based upon all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572. Additionally, the parties agree that defendant will notify its donors and contributors for the past five years in writing of its criminal behavior as contemplated by analogy to USSG § 8D1.4(b)(2), in a form to be approved by the USAO and Probation Department. Any unresolved disputes regarding the appropriate form and language for such notification shall be submitted to and resolved by the Court. Defendant will concur with the USAO's recommendation that defendant be required to develop and submit a compliance program to be approved by the Probation Office as a condition of probation as contemplated by USSG §§ 8B2.1 and 8D1.4. Prior to sentencing in this case, defendant agrees to terminate the employment of its current office manager whose identity may be supplied by the USAO to the Probation Department. The parties agree that their respective sentencing memoranda will be filed at least 3 weeks in advance of sentencing, and will describe, *inter alia*, (1) a summary of any evidence the parties intend to introduce or rely upon at the sentencing hearing (outside of that set forth in the presentence report); and (2) any witnesses the parties intend to call or rely upon at the sentencing hearing.

9. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court

Revised 02/03/10

Jeremy D. Sacks and J. Ronald Sim
Re: Child Foundation Plea Letter
Page 3

arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553 to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any post-conviction collateral attack challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

DAVID L. ATKINSON
CHARLES F. GORDER, JR.
Assistant United States Attorney

Revised 02/03/10

Jeremy D. Sacks and J. Ronald Sim
Re: Child Foundation Plea Letter
Page 4

Defendant Child Foundation and its counsel represent to the Court that defendant is entering its guilty plea freely and voluntarily, with the concurrence of its Board of Directors, and with full knowledge of the consequences. Child Foundation expressly waives its rights to appeal as outlined in this agreement, and acknowledges that it is, in fact, guilty.

12/20/10
Date

_____
Attorney for Defendant